## Commonwealth v. Smith et al.

*Criminal law—Sedition—Motion to quash indictment—Case for jury—Act of June 26, 1919.*

Where a person is indicted for circulating a pamphlet, alleged to contain seditious matter, in violation of the Act of June 26, 1919, P. L. 639, the question whether the words used tend to encourage persons to overthrow the Government by force is a question for the jury, and cannot be passed upon by the court on a motion to quash the indictment.

Motion to quash indictment. O. and T. Phila. Co., June Sess., 1920, No. 171.

*John H. Maurer*, Assistant District Attorney, for Commonwealth.

*Francis Fisher Kane* and *David Wallerstein*, for defendants.

McPHERSON, P. J., 51st judicial district, specially presiding, March 16, 1923.—The defendants were indicted for the offence of sedition under the Act of General Assembly of Pennsylvania, approved June 26, 1919, P. L. 639, entitled "An act defining sedition and prescribing the punishment therefor."

The offence is described in the indictment: "That they did feloniously and seditiously give and distribute to a large number of persons copies of a publication entitled 'What Communism Means,' which paper feloniously and seditiously tended to encourage the persons and citizens to whom the same were given and distributed to take measures and engage in conduct with a view to overthrow and destroy, by force and by show, and threat of force, the Government of the said State of Pennsylvania and of the United States; and then and there feloniously and seditiously advocated and taught the duty, necessity and propriety of engaging in crime, felony and divers threats of terrorism as a means of accomplishing a change in Government, and advocated, further, and taught sedition, as defined by the referred to act of assembly."

A fair summary of the contents of the pamphlets so distributed is as follows:

It is set forth that the Cummunist Party of America aims to establish a working class government—the Dictatorship of the Proletariat—which will transform the present system of privately owned industry into a Communist Society, in which the ownership of the industries will be vested in the community and be managed by the workers. It declares that this aim cannot be achieved through the election of representatives to parliaments, through a Congress or legislature.

The dice are loaded against the workers in the game of electing representatives to Congress and the legislatures to achieve the overthrow of the capitalist system. The capitalists know that; therefore, they urge a reliance upon "constitutional means."

The Communist Party declares that the workers will win only if they develop their own organs of working class power. They must organize industrial unions in the shops and factories. They must use the strike for political ends. The separate strike of the workers must be developed into general strikes to achieve political aims. In the hour of crisis *the general strike will develop into mass action against the existing* Government, and the workers will set up their own government of Workers Councils—Soviets—in place of the present capitalist government.

But the capitalists and their newspapers shout this means force and violence. . . . The Communist Party does not advocate what the capitalists call "force and violence" at present. *It advocates the organization of the working*

*class to use its mass power against the existing capitalist government* and to establish a working class government in its place. If, in the final struggle for power, force is necessary to achieve the victory of the working class, as history tell us has always been the case in the hour of revolution, the Communists will not hestitate to use it, even as the capitalists now use it against the working class. . . . The Communist Party declares that the workers must replace the government of the capitalists with a government of their own as this first step in their emancipation.

The pamphlet ends with this exhortation: "Workingmen of the United States, it is for your cause that the Communists are fighting and are being deported and sent to prison. Show your solidarity. Rally to the support of the Communist Party. Stand with your fellow-workers in the fight against the capitalists."

The act of assembly provides as follows:

"Sedition is any writing, publication, printing, cut, cartoon, utterance or conduct, either individually or in connection or combination with any other person or persons, which tends:

*"(b)* To encourage any person or persons to take any means or engage in any conduct with a view of overthrowing or destroying, or attempting to destroy, by any force or show or threat of force, the Government of this State or of the United States."

It shall also include:

*"(f)* Any writing, publication, printing, cut, cartoon or utterance which advocates or teaches the duty, necessity or propriety of engaging in crime, violence or any form of terrorism as a means of accomplishing political reform or change in government.

*"(g)* The sale, gift or distribution of any prints, publications, books, papers, documents or written matter in any form which advocates, furthers or teaches sedition as hereinbefore defined."

The defendants moved to quash the indictment, and urge as a reason therefor that in distributing the pamphlets the defendants could not be guilty of sedition, as from the pamphlet itself it was clearly apparent "that the words used therein were not used under such circumstances and are not of such a nature as to create a clear and present danger that they will bring about the substantive evils that the legislature had the right and intended to prevent" in the enactment of said statute.

For this position they rely upon the rule of reason adopted by the United States Supreme Court as the test of guilt or innocence of any person under the Espionage Act passed by Congress, and as set forth in an opinion of said court in the case of Schenck v. United States, 249 U. S. 47, 52. Whether this rule of reason is applicable to the construction of statutes relating to sedition, and intended to be protective of the existence of government, does not need to be passed upon definitely in this proceeding.

In the case of People v. Gitlow, 195 N. Y. App. Div. 773, this rule of reason is held not to apply to offences which look to the destruction of government. The above case was appealed and was affirmed by the Court of Appeals.

Assuming, however, that this rule of reason is applicable in the construction of the present statute, we are of the opinion that whether or not a case of guilt exists under this rule of reason is a question of fact for the jury and must be decided by them under proper instructions, and cannot be determined by the court on demurrer to the indictment or on motion to quash, which is the equivalent of a demurrer. The United States Supreme Court, in Pierce v. United States, 252 U. S. 239, has so ruled. In that case it was held, at

3 D. & C.

page 244, that "whether the statements contained in the pamphlet had a natural tendency to produce the forbidden consequences, as alleged, was a question to be determined, not upon demurrer, but by the jury at the trial. There was no error in overruling the demurrer."

It was further held, on page 250, as follows: "What interpretation ought to be placed upon a pamphlet, and what would be the probable effect of distributing it in the mode adopted, and what were the defendants' motives in doing this, were questions for the jury and not for the court to decide."

Whether the printed words would in fact produce as a proximate result a material interference with the recruiting or enlistment service, or the operation or success of the United States, was a question for the jury to decide, in view of all the circumstances of the time and considering the place and manner of distribution: Schenck v. United States, 249 U. S. 52; Frohwerk v. United States, 249 U. S. 204 (208); Debs v. United States, 249 U. S. 211 (215).

The ruling in the above cited cases seems to be decisive in the question raised here, and we so rule.

And now, March 16, 1923, the motion to quash indictment is dismissed.